UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUDY A. HERRINGTON, WIFE OF, AND<br>JOE L. HERRINGTON, JR. | CIVIL ACTION |
| VERSUS | NO: 09-3477 |
| COURTYARD MANAGEMENT CORP. and<br>MARRIOTT INTERNATIONAL, INC. | SECTION: "C" (1) |

**ORDER & REASONS**[1]

This matter is before the Court on the issue of whether the jurisdictional amount in controversy existed on the date of removal. The Court ordered counsel to submit memoranda on the issue by June 15, 2009. Rec. Doc. 6. Both parties argued that the jurisdictional minimum was satisfied. Rec. Doc. 10; Rec. Doc. 11. Having reviewed the record, memoranda of counsel, and the law, however, the Court has determined that it lacks subject matter jurisdiction for the following reasons.

**I. FACTUAL BACKGROUND**

In May 2009, Courtyard Management Corp. and Marriott International, Inc. (the "removing Defendants"), filed a Notice of Removal in regards to *Judy Herrington, Wife of, and Joe L. Herrington, Jr. v. Courtyard Management Corporation and Marriott International, Inc.*, No. 2009-

---

[1]Francisco A. Besosa-Martínez, a third-year student at Tulane University Law School, assisted in the preparation and research of this opinion.

1

4241, a civil action filed in the Civil District Court for the Parish of Orleans, State of Louisiana. Rec. Doc. 1. In their Notice of Removal, removing Defendants alleged that this Court had jurisdiction over the matter because the amount in controversy exceeds $75,000 and the parties are citizens of different states. *Id.* at 2.

On July 18, 2008, Mr. Herrington and his wife, Judy, traveled to New Orleans for a vacation and stayed at the Marriott Courtyard Motel on 124 St. Charles Avenue in New Orleans, Louisiana. Rec. Doc. 11 at 1. After falling asleep on the night of their arrival, Mr. Herrington allegedly awoke and noticed papules forming on his body. *Id.* Upon inspecting the bed and their room, Mr. and Mrs. Herrington claim to have uncovered various insects in the sheets, pillows, and in other areas of the hotel room. *Id.* at 1-2.

Plaintiffs allege that, as a result of the insect bites, Mr. Herrington, "a 42 year old man with diabetes mellitus and mathacillin staph aureus, suffered acute abdominal swelling, pain, and abdominal wall abscess with severe gram positive cocci." Rec. Doc. 11 at 2. Plaintiffs allege that Mr. Herrington had to be hospitalized and received wound care at the Heart Hospital of Florida from July 30, 2008 until being discharged on August 4, 2008. *Id.* Upon being released, Mr. Herrington allegedly continued to receive medical treatment until August 14, 2008 from his nephrologist, G.S. Gill, M.D. *Id.*

Plaintiffs claim that medical bills from the Hospital totaled $12,944.80. *Id.* Plaintiffs also state that Mr. Herrington incurred $514 in physician charges for his wound care. *Id.* Moreover, Plaintiffs assert lost wages totaling $6,000, for time lost from employment because of Mr. Herrington's injuries and hospitalization. *Id.* These amounts total $19,458.80. *Id.* at 3. Furthermore,

2

Plaintiffs seek general damages for the emotional shock, mental anguish, and other psychological pain and suffering incurred by Mrs. Herrington, due to the injuries sustained by her husband. Id. Finally, Plaintiffs refuse to stipulate that their case is worth less than $75,000. Rec. Doc. 10-2 at 1.

## II. LAW & ANALYSIS

### a. APPLICABLE LAW

Subject matter jurisdiction is awarded to federal courts in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States." 28 U.S.C.A. § 1332. "It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation."*Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). As such, parties may neither consent to nor waive federal subject matter jurisdiction and "[f]ederal courts may examine the basis of jurisdiction *sua sponte*[.]" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

In determining jurisdiction in cases of removal, the Court considers the claims in the state court petition as they existed at the time of removal. *Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)(*referring to Cavallani v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Any ambiguities or doubts as to whether removal is proper are resolved against granting federal jurisdiction because the removal statute is strictly construed in favor of remand. *See id.*; *see also Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The person seeking to invoke federal jurisdiction has the burden of proof to demonstrate at the outset that the federal court has the authority to hear the case. *See McNutt v. General Motors Acceptance*

*Corp.*, 298 U.S. 178 (1936). In a removal case, it is the removing party that bears that burden. *In Re North American Philips Corp.*, 1991 WL 40259, *2 (5th Cir. 1991). Furthermore, Plaintiff's refusal to stipulate that the amount in controversy is below $75,000 does not prove that the amount in controversy meets the jurisdictional minimum. *Fernandez v. Allstate Ins., Co.*, 2008 WL 314405, *2 (E.D. La. 2008). "A failure to stipulate is only one factor to consider in determining whether a removing party has met its burden, and does not on its own establish that this Court has jurisdiction." *Id.*

In removal cases, "when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Id.* (*citing Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). That is, the test is whether it is more likely than not that the amount of the claim will exceed $75,000. *See Manguno v. Prudential Property and Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reins.,* 134 F.3d at 1253. In other words, the defendant can meet the "preponderance of the evidence" standard in two ways: "(1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) 'by setting forth the *facts* in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount.'" *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)(*quoting Allen*, 63 F.3d at 1335)(emphasis in original).

4

**b. ANALYSIS**

Defendants have not presented sufficient evidence to claim that the jurisdictional amount has been met. First, Plaintiff's refusal to stipulate that the amount in controversy is less than $75,000 is not enough to vest this Court with jurisdiction. *See Fernandez*, 2008 WL 314405 at *2. Moreoever, even if the court accepts that the medical bills for Mr. Herrington totaled $19,458.80, this still falls short of the jurisdictional minimum required for subject matter jurisdiction under 28 U.S.C. § 1332. Finally, the Court is hard-pressed to conceive of circumstances under which a reasonable jury would award close to $55,000 (almost three times the amount of the medical expenses) for the emotional shock, mental anguish, and other psychological pain and suffering of Mrs. Herrington. These attempts are further frustrated by the fact that the parties have not provided the Court with evidence - not even by an affidavit - detailing the impact these events had on the mental and emotional state of Mrs. Herrington. Therefore, the Court concludes that it is not "facially apparent" that the amount in controversy exceeds $75,000, nor have facts been set forth to support a finding of the requisite amount.

### III. CONCLUSION

Based on the record and the law, the Court finds that the parties have not established the jurisdictional minimum and consequently have not established subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that this Court lacks subject-matter jurisdiction and therefore the case

is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana under 28 U.S.C. § 1447 (c).

New Orleans, Louisiana, this 6th day of July, 2009.

                                             _____
                                             **HELEN G. BERRIGAN**
                                             **U.S. DISTRICT COURT JUDGE**